[Birmingham Railway, Light & Power Co. v. Comer.]

# Birmingham Railway, Light & Power Co. v. Comer.

## *Injury to Passenger.*

(Decided February 13, 1914.   64 South. 533.)

*Appeal and Error; Remittitur; Excessive Damages.*—Under Acts 1911, p. 587, it is the duty of the appellate courts, when a verdict is deemed excessive, to direct a reversal unless the appellee shall remit the excess, as determined by the court.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Mrs. Eula V. Comer against the Birmingham Railway, Light & Power Company, for damages to her as a passenger. Judgment for plaintiff in the sum of $500 and defendant appeals. A remittitur of $300 from said amount is ordered by the court, and the cause is affirmed, otherwise it was reversed and remanded.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. The court erred in refusing to grant a new trial because under the evidence the verdict is highly excessive.—*L. & N. v. Sanders,* 61 South. 482; *B. R. L. & P. Co. v. Nolan,* 134 Ala. 329; *B. R. L. & P. Co. v. Ward,* 27 South. 471; 52 N. W. 966; 146 S. W. 849; 44 S. E. 1001; 31 S. E. 182; 113 Pac. 268; 107 S. W. 422.

HARSH, BEDDOW & FITTS, for appellee. The amout to be awarded in this case was within the sound discretion of the jury, and was not so excessive as to indicate prejudice, passion or corruption.—*C. of Ga. v. White,* 175 Ala. 62; *Montgomery T. Co. v. Knabe,* 158 Ala. 458; 65 Am. St. Rep. 412; 93 Am. Dec. 80; 9 Am. St. Rep. 769; 112 Pac. 845.

PELHAM, J.—The only ground of reversal urged is that the judgment of the lower court, for $500, is excessive as referred to the evidence. The appellee (a passenger) brought suit against the appellant street railway company for failing to discharge her at the place of her destination in the city of Birmingham, which she finally reached after the expenditure of an additional 5 cents car fare and a circuitous route on different car lines of the defendant, occasioning a delay of about one hour. The court eliminated the wanton counts on charges requested by appellant, and the case was submitted to the jury on the simple negligence counts only.

The entire court has carefully considered the evidence set out in the bill of exceptions, and is impressed with the idea that a verdict in any greater amount than $200 would be so excessive as to be indicative of prejudice, passion, or partiality on the part of the jury. Consequently, under the well-known rules of law pertaining to the reversal of judgments deemed to be excessive, and the requirements of the act approved April 21, 1911, to regulate proceedings, etc., of that nature in this court (Acts 1911, p. 587), it becomes our duty to order a reversal of the judgment of the trial court unless the appellee remit the amount of the judgment recovered there in excess of $200 (i. e., $300) within 30 days from the date of the rendition of this opinion. It is so ordered, and the clerk will give the notice required by statute.

Remittitur of part of damages recovered ordered